CLEMENTS *v.* BRONAUGH.

4-9455                    239 S. W. 2d 1

Opinion delivered April 23, 1951.

Rehearing denied May 28, 1951.

*House, Moses & Holmes* and *William M. Clark,* for appellant.

*Burke, Moore & Burke,* for appellee.

HOLT, J.   In May, 1919, The White River Drainage District of Phillips and Desha Counties, was organized under Act 279 of the Acts of the General Assembly of 1909 (and acts amendatory and supplementary thereto) for the overall purpose of building levees, drainage districts, flood gates, outlets and pumping plants, to eliminate flood and surface water.   The District embraced approximately 169,000 acres belonging to some 1,600 property owners.   The two appellants own 5,101.5 acres within the district.   Total benefits assessed against all lands amounted to $8,500,000.   Appellants' lands were assessed anticipated benefits in the amount of $340,477 against which taxes could be levied.   By proper procedure, the improvement was undertaken and with Government aid of approximately $8,000,000, the levee has been built.   The District has expended less than $500,000 to date.

September 2, 1949, the Board of Commissioners determined that additional drainage was necessary, to cost approximately $500,000, and filed petition in the Circuit Court for a bond issue in the amount of $230,850 to retire principal and interest on the then bonded debt.   It was alleged in the petition, among other things, ''that the construction of the pumping plant provided in the original plans cannot be begun at this time, but that it will be constructed later.''   The Circuit Court entered an order granting the petition.   The order contained this recital:

''It is understood that the construction of the pumping plant provided for in the original plans cannot be begun at this time, but that it will be constructed later; that it will be necessary to issue additional bonds to do the work in an amount not to exceed $275,000, which will be on a parity as to security with the said $230,850 of

bonds to be issued at this time; and that the Commissioners will at the proper time call upon the Court to levy an additional tax."

The present suit was filed August 22, 1949, in the Phillips Circuit Court by the two landowners, appellants, to require the Commissioners of the District to re-assess benefits to the extent of reducing same by reason of the Federal aid in construction of the levee as a public improvement, and to report the amount to be expended and taxes necessary to be collected to complete the entire enterprise.

Appellees answered with a general denial and affirmatively pleaded that all issues of law and fact had previously been adjudicated and determined adversely to appellants in a former suit brought by appellants in the Phillips Chancery Court (and later on appeal, affirmed by this Court in *Harris* v. *Blackburn,* 215 Ark. 195, 219 S. W. 2d 922) in which the same parties, lands and cause of action were involved; and appellees pleaded *res judicata* as a bar to the present suit. Following the filing of this response, the parties in a pre-trial conference (§§ 27-2401 to 27-2403, incl., Ark. Stats., 1949 Supplement) stipulated that the entire record and transcript of the proceedings in *Harris* v. *Blackburn,* above, should be submitted and considered by the Circuit Court along with certain exhibits presented in the present suit including "Petition for Tax Levy, filed September 2, 1949, by Commissioners of said District; and Order of the Court, levying tax, order rendered September 2, 1949."

The case was taken under advisement by the trial court and October 18, 1949, appellees' plea of *res judicata* was sustained. The Court's order recited: "By agreement of counsel the transcript of the record in the previous Chancery Court proceeding (containing the testimony, pleadings, documentary evidence, rulings and decrees), the decision on Appeal and Petition for Rehearing of the Appeal were submitted to this Circuit Court for the determination of the plea of *res judicata,* together with briefs filed by all parties on the previous

appeal from the Chancery Court. Also submitted were the Tax Levy Order of this Circuit Court issued September 2, 1949, and petition for same (filed by respondents on September 2, 1949), docketed in this Court as No. 3417, the petition being entitled 'In the Matter of White River Drainage District of Phillips and Desha Counties, Arkansas,' and headed 'Petition for Tax Levy,' and the Order levying a tax to be collected in annual installments from 1950 to 1965, the Order having been issued without notice to petitioners herein and without any opportunity for them to be heard in respect thereto. . . .

"That the issues of law and fact presented in this cause (including contentions made by petitioners that they are being deprived of their property without due process of law, that their property is being taken, appropriated and damaged for public use without just compensation, that they are being denied equal protection of the laws, all in violation of Article 2, §§ 2, 3, 21, and 22 of the Constitution of Arkansas and of the Fourteenth Amendment to the Constitution of the United States) are the same issues of law and fact which were presented or could have been presented in the previous litigation in chancery wherein the same parties were plaintiffs and defendants, respectively; that all issues of law and fact arising in this action were duly adjudicated by the Chancery Court of Phillips County, Arkansas, and the Supreme Court of Arkansas in the previous proceeding; that the plea of *res judicata* asserted by the respondents herein should be sustained and that this cause should be dismissed."

We hold that the trial court was correct in sustaining appellees' plea of *res judicata.*

As has been pointed out, the previous original suit was filed May 27, 1947, in the Phillips Chancery Court and the present action was filed August 22, 1949, in the Phillips Circuit Court.

Appellants state the purpose of the present suit in this language: "Judgment for damages offsetting benefits, measured by the amount of benefits attributable to the pumping plant construction originally contemplated

as a major part of the improvement for which the District was organized in 1919, but which is omitted from the construction program now being instituted. . . . In the alternative, petitioners assert their right to an Order of this Court, the ultimate effect of which will be that the improvement as planned (pumping plants) will be constructed, in accordance with the plain duty of the Commissioners."

It appears undisputed that appellants were parties to the former suit and the same lands and assessment of benefits were there involved and we hold that, in effect, the same allegations were contained in both cases and the relief sought, in effect, the same.

In the former suit, appellants alleged, among other things that "the benefits assessed for construction of levees were made at a time when the district contemplated construction of the levees at its own expense, but since the United States has constructed this levee for the benefit of all the property owners who are protected by the levee, it is a common and not a special benefit, and the assessment levied for this purpose should be cancelled and set aside."

Their prayer was: "That the Court declare all actions of the Board of Commissioners in the levying or assessing of taxes against the lands of the plaintiffs and others similarly situated, to be illegal and void.

"That the Court direct the Commissioners to refund to these plaintiffs all taxes heretofore paid by them for the past several years.

"That the Court declare the action of the Commissioners in changing the plans, to be illegal, and all actions of the Commissioners subsequent to such change in plans to be declared void and of no effect.

"That if the plaintiffs are not entitled to the relief prayed for in the foregoing paragraphs, that then the Court enter an order directing the Commissioners to reassess the benefits in view of the present conditions.

"That when such re-assessment has been made, the Court enter an order directing the Commissioners to refund to the plaintiffs the taxes paid for the last several years.

"That the Court enter an order directing the Commissioners to file a complete report, giving a detail year by year of all taxes collected, all expenditures made by the Commissioners, accounting for all moneys borrowed and the obligations outstanding, together with copies of all contracts heretofore let for drainage structures in the northern end of the district."

We said on the former appeal: "The appealing landowners urge with considerable force that a re-assessment became imperative when the Government 'stepped in' and relieved the district to the extent heretofore shown. This would be true if building the levee constituted such a radical change in plans that a materially different undertaking resulted. Answer comes from most of the witnesses who in discussing the conceptions of 1919-21, testified that a primary levee was required. It was projected under the Connolly plan, so named because of Connolly's cooperative work. Appellees' engineer testified that this plan afforded better protection than the one suggested by Harrington, Howard & Ash."

In the present suit, appellants sought the following relief:

"First. (a) For a re-assessment of the benefits standing against their lands, and, to the extent of the reduction of benefits by reason of Federal aid in the construction of the levee as a common or public improvement, for judgment for damages against the defendants; and (b) for a writ of mandamus directed to the defendants compelling them to report the amount of the deficiency of past and now proposed taxes to complete the originally planned improvement (that is to say, the amount of additional money which will be sufficient and will be required to complete said improvement) and, further, upon reporting, to take such action as may be found

necessary to the purpose of completing the said improvement in its entirety.

"Second, and in the alternative. (a) For a reassessment of benefits standing against their lands, and, to the extent of the reduction of benefits on all grounds appearing in this petition, for judgment for damages pursuant to statute, against the defendants in the following amounts."

It thus appears, as indicated, appellants sought, in effect, the same relief in both cases.

In the present suit, appellants are not questioning the validity of the additional bond issue, nor the tax levy, but as in the former case, are asking the Court to reassess the benefits against their lands, a request that was refused under the former appeal. Appellants have not pleaded or shown any such change in plans or conditions from those existing in the former equity case to warrant an order at this time requiring the Commissioners to reassess benefits against their lands. The construction or installation of pumping plant or plants was clearly provided as part of the original improvement and also included in the order for the new bond issue and these pumps must be provided by the Board. In fact, appellees concede that they must be provided and that they have no intention of omitting them from the improvement. However, under the undisputed evidence, it appears that the Board, under the advice of skilled and competent engineers, adopted a plan of construction involving three stages: First, building the levees; second, drainage, and, third and last, the pumping plant or plants.

Broad powers and a large amount of discretion must be, and is, given the Board of Commissioners in making and building this tremendous and costly enterprise through all of its various stages of construction. We cannot say that the Board has abused its discretion by delaying the building of the pumping plant until the last.

As indicated, the sustaining of the plea of *res judicata* does not preclude the appellants from taking

suitable action looking toward the installation of the pumping plant or plants when the proper time arrives.

Since we are affirming the judgment on its merits, it is unnecessary to discuss the issue the appellees have raised concerning the motion for new trial.

Accordingly, the judgment is affirmed.